UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VERNON JOHNSON, #156558,

        Petitioner,

v.

CASE NO. 15-CV-11208
HONORABLE TERRENCE G. BERG

SHAWN BREWER and the
MICHIGAN PAROLE BOARD,

        Respondents.
_____/

**OPINION AND ORDER DISMISSING WITHOUT PREJUDICE
THE PETITION FOR A WRIT OF HABEAS CORPUS,
DENYING A CERTIFICATE OF APPEALABILITY, AND
<u>DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL</u>**

## I. INTRODUCTION

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Vernon Johnson ("Petitioner") challenges his 2013-2014 parole revocation proceedings. Having reviewed the matter, the Court finds that Petitioner has not exhausted his habeas claims in the state courts. Accordingly, the Court shall dismiss without prejudice the petition for a writ of habeas corpus. The Court shall also deny a certificate of appealability and shall deny leave to proceed in forma pauperis on appeal.

## II. FACTS AND PROCEDURAL HISTORY

Petitioner challenges his 2013-2014 parole revocation proceedings. Petitioner states that he was arrested and charged with four parole violations[1] in October, 2013. (Dkt. 1, pp. 1-2; Ex. 1). Petitioner contends that he was sent to prison as a technical parole violator on December 4, 2013, but was not given a parole revocation hearing. (Dkt. 1, pp. 2, 3). Petitioner filed grievances and complaints about his situation from January, 2014 to March, 2014, (Dkt. 1 pp. 2-3; Exs. 2-10), as well as a federal habeas petition alleging that he was not given a proper parole revocation hearing and his imprisonment was invalid. That petition was dismissed without prejudice on exhaustion grounds. *See Johnson v. Haas and the Michigan Parole Board*, No. 14-11717 (Dkt. 5) (E.D. Mich. July 21, 2014) (Cleland, J.).

Petitioner states that a parole revocation hearing was conducted on May 9, 2014. (Dkt. 1, p. 3). At that hearing, he pleaded guilty to the charges of failure to properly report to his parole agent, and of changing his residence without the permission of his parole agent. Petitioner was found guilty of one charge of performing inappropriate sexual acts on Ms. James, and the second charge of performing inappropriate sexual acts on Ms. James was dismissed by the parole board "for cause." (Dkt. 1, Ex. 14). On July 1, 2014, he was given an 18-month sentence for the three parole violations upon which he was adjudicated guilty. *Id.* On August 17, 2014, Petitioner filed a complaint for mandamus in the Michigan

---

[1] Specifically, Petitioner was charged with: (1) failure to properly report to his parole agent; (2) changing his residence without the permission of his parole agent; (3) performing inappropriate sexual acts on Yvetee James, whom Plaintiff describes as his "common law wife;" and (4) a second count of performing inappropriate sexual acts on Ms. James (Dkt. 1, Ex. 1).

Court of Appeals, which was denied. (Dkt. 1., p. 4); *Johnson v. Parnall Corr. Facility Warden,* No. 323370 (Mich. Ct. App. Dec. 18, 2014), (Dkt. 1, Ex. 15). Petitioner did not timely appeal that decision to the Michigan Supreme Court. (Dkt. 1, Exs. 17, 19).

Petitioner dated the instant habeas petition on March 23, 2015. In his petition, he raises claims concerning the delay in conducting a revocation hearing, the notice of the charges against him, his ability to confront his accuser, and his ability to present witnesses in his defense. He seeks an order declaring the revocation of his parole null and void. (Dkt. 1, pp. 3-4, 5).

### III. DISCUSSION

A prisoner filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 must first exhaust all state remedies. *See* 28 U.S.C. § 2254(b), (c); *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). This holds true for habeas petitions challenging state parole revocation decisions. *See Brewer v. Dahlberg*, 942 F.2d 328, 337-39 (6th Cir. 1991); *Wem v. Burt*, No. 09-13754, 2011 WL 825730, *1 (E.D. Mich. March 3, 2011); *Knuckles v. Bell,* No. 08-10942, 2008 WL 1743494, *1 (E.D. Mich. April 14, 2008); *Swantak v. Romanowski*, No. 08-10126, 2008 WL 186127, *1-2 (E.D. Mich. Jan. 18, 2008); *Simmons v. Michigan Dept. of Corrections Parole Bd.*, No. 07-15442, 2008 WL 62459, *1 (E.D. Mich. Jan. 3, 2008).

To satisfy the exhaustion requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have raised both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must be presented as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Each claim must also be raised before the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009) (citing *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990)). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust available state remedies before seeking federal habeas review. *Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987); *Wagner*, 581 F.3d at 415 (citing *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009)). The burden is on the petitioner to prove exhaustion. *See Rust*, 17 F.3d at 160.

Petitioner fails to establish that he has fully exhausted his parole revocation claims in the state courts before proceeding in federal court on habeas review. Petitioner's pleadings indicate that he attempted to exhaust state remedies by filing a mandamus action with the Michigan Court of Appeals, but he then failed to timely appeal to the Michigan Supreme Court. Such action is insufficient to satisfy the exhaustion requirement. *See Wagner*, 581 F.3d at 414. More importantly, a mandamus action is no longer the appropriate remedy for Petitioner to exhaust his

claims in the state courts because he has had a parole revocation hearing.[2] *See Hill v. Parole Bd.*, No. 310007, 2012 WL 6913906, *1 (Mich. App. Nov. 20, 2012) (stating that a mandamus action would be moot once a parole violation hearing has been held and citing *Jones v. Department of Corr.*, 468 Mich. 646, 664 N.W.2d 717 (Mich. 2003)).

Petitioner, however, has an available remedy by which to exhaust his parole revocation claims in the state courts. He may file a complaint for a writ of habeas corpus in the appropriate state circuit court, *see* Mich. Comp. Laws § 600.4301 et seq., Mich. Ct. R. 3.303; *Hinton v. Michigan Parole Bd.*, 148 Mich. App. 235, 383 N.W.2d 626 (1986); *Triplett v. Deputy Warden*, 142 Mich. App. 774, 371 N.W.2d 862 (1985); *see also Caley v. Hudson*, 759 F. Supp. 378, 380-81 (E.D. Mich. 1991). While the denial of such a writ is not appealable by right, the petition may be renewed by filing an original complaint for writ of habeas corpus with the Michigan Court of Appeals. *Id*. Denial of such a complaint by the Michigan Court of Appeals is subject to review by the Michigan Supreme Court. *See* Mich. Ct. R. 7.301. There is no time limit for filing a state habeas compliant as long as the prisoner is in custody when the judgment becomes effective. *Triplett*, 142 Mich. App. at 779.[3]

---

[2] At the time Petitioner filed his previous habeas petition in front of Judge Cleland (E.D. Mich. Case No. 14-11717), a mandamus action was the proper state court remedy, as Petitioner had not yet had a parole revocation hearing. Now that he has had such a hearing, a mandamus action is no longer appropriate.

[3] Michigan's Administrative Procedures Act, Mich. Comp. Laws § 24.201 *et seq.*, also provides an inmate whose parole has been revoked the right to seek judicial review of the Parole Board's decision in a state circuit court. *See Penn v. Department of Corrections*, 100 Mich. App. 532, 298 N.W.2d 756 (1980). This must be done within 60 days of the parole revocation, so this avenue of judicial review may not be available to Petitioner now. The circuit court decision is appealable in the Michigan Court of Appeals and the Michigan Supreme Court. *See* Mich. Ct. R. 7.205, 7.302.

Petitioner fails to demonstrate that he has exhausted available state court remedies prior to filing his federal habeas petition. Absent the exhaustion of those remedies, his claims concerning his parole revocation proceedings are premature and must be dismissed.

## IV. CONCLUSION

For the reasons stated, the Court concludes that Petitioner has failed to establish that he has properly presented his habeas claims to the state courts before filing this action and that he must fully exhaust his claims in the state courts before proceeding on federal habeas review. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. The Court makes no determination as to the merits of Petitioner's claims.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability.

The Court also **DENIES** leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

    **IT IS SO ORDERED**.


Dated: August 4, 2015          s/Terrence G. Berg
         TERRENCE G. BERG
         UNITED STATES DISTRICT JUDGE

### Certificate of Service

    I hereby certify that this Order was electronically submitted on August 4, 2015, using the CM/ECF system, which will send notification to all parties.

         s/A. Chubb
         Case Manager